**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RACHEL PHILBIN, on behalf of herself and all other similarly situated, | : | Case No.: |
|  | : |  |
|  | : |  |
|  | : |  |
| Plaintiff, | : | JURY TRIAL DEMANDED |
|  | : |  |
| v. | : |  |
|  | : |  |
| BRETT DINOVI & ASSOCIATES, L.L.C., | : |  |
|  | : |  |
| Defendant | : |  |

**COLLECTIVE & CLASS ACTION COMPLAINT**

Plaintiff, Rachel Philbin ("Plaintiff"), individually and on behalf of all other similarly situated ("class members"), brings this complaint against Defendant Brett Dinovi & Associates, LLC ("Defendant" or "BD&A"), and alleges as follows:

## I.    NATURE OF ACTION

1.  This class and collective action is brought on behalf of current and former non-exempt employees of a multi-state behavioral and educational services provider owned and operated by Defendant BD&A to recover unpaid regular and overtime wages, as well as all other available relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, The New Jersey State Wage and Hour Law ("NJSWHL"), N.J.S.A. § 34:11-56a, *et seq.*, the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, *et seq.*, the 2019 amendments made to the statutes by the Wage Theft Act, N.J.S.A. § 2C:40A-2, *et seq.*, and the law of unjust enrichment.

2. Defendant operates a multi-state behavioral group consulting service, and is the largest behavioral consulting group on the east cost of the United States, and employs more than 600 "consultants" that provide Applied Behavior Analysis ("ABA") services and Organizational Behavior Management ("OBM") in over 300 school districts and agencies in New Jersey, Pennsylvania, New York, Delaware, California, and Maine.

3. Defendant has systematically and intentionally violated applicable federal and state laws by, among other things, applying common policies to their non-exempt employees which deprive them of regular and overtime wages.  These policies include:

    a. Failing to pay non-exempt employees for mandatory work trainings;

    b. Failing to pay non-exempt employees for overtime; and

    c. Failing to pay non-exempt employees for compensable travel time.

4. As a result of the foregoing intentional and wrongful conduct, Plaintiff brings this class and collective action seeking actual damages, liquidated damages, statutory damages, attorneys' fees, and costs for a class of similarly situated persons who, like her, have been subjected to Defendant's illegal practice in violation of the FLSA, NJSWHL, the NJWPL, and the law of unjust enrichment.

## II.    PARTIES

5. Plaintiff Rachel Philbin is an adult resident of the Commonwealth of Pennsylvania, domiciled at 4507A State Road, Drexel Hill, Delaware County, Pennsylvania.

6. Defendant Brett DiNovi & Associates, L.L.C. is a limited liability corporation organized under the laws of the State of New Jersey with its principal place of

business located at 1000 Crawford Place Suites 260, 20 & 200, Mount Laurel, County

of Burlington, New Jersey.  As a limited liability company, Defendant's citizenship is

determined by the citizenship of each of its members.  See e.g. Zambelli Fireworks

Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 201).  Upon information and belief,

Defendant's sole member is Brett DiNovi, the founder and CEO.  Again, upon

information and belief, Brett DiNovi is an adult citizen domiciled in the State of New

Jersey at 430 Accolon Court, Mantua, Gloucester County, New Jersey.

**III.    JURISDICTION AND VENUE**

7.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

    Plaintiff raises a claim under the FLSA, a federal statute.

8.  The court has personal jurisdiction over Defendant because Defendant operates under

    the laws of the state of New Jersey and has sufficient minimum contacts with New

    Jersey such that the exercise of jurisdiction by this Court is consistent with notions of

    fair play and substantial justice.  Defendant routinely conducts business in New

    Jersey and otherwise avails itself of the protections and benefits of New Jersey law

    through the advertising, marketing, distribution, and sale of its services and New

    Jersey, and this action arises out of or relates to these contacts, and Defendant's

    implementation of policies originating at its New Jersey headquarters.

9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the Defendant

    operates and maintains is principal headquarters here because Defendant regularly

    conducts business in this District, and because a substantial part of the events or

    omissions giving rise to the claims occurred in this District.  Venue is also proper

    pursuant to the FLSA, 29 U.S.C. § 216(b).

IV.   **FACTUAL ALLEGATIONS**

**The Company Structure**

10. As stated above, Defendant operates a multi-state behavior group consulting service, and is the largest behavioral consulting group on the United States East Cost, and employs more than 600 "consultants" who provide Applies Behavior Analysis ("ABA") services and Organizational Behavior Management ("OBM") in over 300 school districts/agencies in New Jersey, Pennsylvania, New York, Delaware, California, and Maine.

11. Employees are hired for both full-time and part-time positions.

12. Employee positions include clinical associates, behavior technicians, educational technicians, behavioral health professionals, and more applied behavior analysis ("ABA") related positions.

13. Employees provide a wide variety of services designed to support the individual needs of students presenting complex behavioral and instructional needs.

14. Defendant advertises that its employees "are knowledgeable and skilled in working with teachers, behavior teams, and school leaders to assess, design, implement, train, coach, and evaluated evidence-based school wide and classroom management plans to improve educational outcomes."

15. Behavioral services offered by Defendant include 1:1 student support, functional behavior assessments, behavior intervention planning and support, teacher training, teacher coaching, leadership development, leadership coaching, and school-wide support.

16. In addition, employees are expected by Defendant to provide classroom and home instruction, functional behavior assessment, implementation of behavior intervention plans, data collection, vocational training, transportation of client, social skills training, communication training, parent and school personnel training, training client on activities of daily living in all settings, community integration, transportation of client in the employee's vehicle, report writing, and all other duties as assigned.

17. Progress notes and hours worked must be submitted to the online payroll time system by each employee.

**Plaintiff's Employment**

18. Plaintiff accepted an offer of employment and signed an employment contract with Defendant on December 27, 2019 for the part-time position of a clinical associate.

19. Plaintiff is a non-exempt employee under the FLSA, NJSWHL, and the NJWPL.

20. Her contracted hourly wage is $25 per hour for direct consultation with clients at schools during the hours between 8:00 am and 3:00pm Monday through Friday, and an hourly wage of $28.50 for direct consultation with clients at home and during after-school hours.

21. Plaintiff's duties and assigned work sites are substantially within the state of New Jersey.

22. As a condition of employment, Plaintiff was required to enroll in and complete Defendant's Safe and Positive Approaches (SPA) for crisis training within the first 60 days of employment.

23. She was advised that failure to complete this training would limit her ability to work with clients.

24. Plaintiff attended this training, which lasted 6.5 hours and was unpaid.

25. On January 21, 2020, Plaintiff signed a full-time addendum contract whereby she accepted the position of a full-time sub.

26. Her contracted hourly wage is $25 per hour for all school work, and $28.50 per hour for all insurance and cyber work.

27. This position also includes a provision permitting Plaintiff the opportunity to create behavior analytic video content at an hourly wage of $28.50 per hour.

28. As a condition of employment, she was required to attend two additional trainings: Rules for Schools, and Video Content Creation Guidelines.

29. Plaintiff was advised that she was not eligible to begin working in schools until she passed these training modules.

30. She attended these mandatory trainings, but again did not receive any compensation for them.

31. In approximately October 2020, Plaintiff received a pay increase resulting in an hourly wage of $29.75 per hour for all school work, and $28.75 per hour for all after school work.

32. In approximately June 2021, Plaintiff received another pay increase resulting in an hourly wage of $30.75 per hour for all school work, and $29.75 per hour for all after school work.

**Mandatory Unpaid Work Trainings**

33. Like the mandatory unpaid trainings detailed above, Plaintiff, and other non-exempt employees, are required to attend frequent mandatory trainings which are required as a condition of employment, but are unpaid.

34. These mandatory unpaid trainings range from approximately 1 hour to 8 hours.

35. Some of these mandatory unpaid trainings are online, some are in-person, and some take place on weekends.

36. Some of these mandatory unpaid trainings are required annually, some are required bi-annually, and some are required monthly.

37. They include various topics such as CPR trainings, blood-born pathogen trainings, first aid trainings, restraint trainings, and specific certifications trainings.

38. Additional mandatory trainings are not specifically work related and include topics such as how to use payroll systems, and how to utilize zoom.

39. Upon hire, Plaintiff, and other non-exempt employees, are required to complete a series of New Hire trainings, which include ten (10) introductory videos.

40. Plaintiff, and other non-exempt employees are advised that these trainings "must be completed before beginning your first paid case consultation" and that failure to complete these trainings within seven (7) days would result in their offer of employment being withdrawn.

41. Plaintiff completed these trainings as she was instructed but was never compensated for her time.

42. Upon information and belief, the Director of Operations monitors compliance and attendance.

43. However, even after confirmation of attendance, employees remain uncompensated for their time.

44. Employees are instructed that failure to attend these unpaid training sessions will restrict them from working.  Thus, it is an absolute requirement to retain employment.

45. Defendant systemically and intentionally failed and continues to fail to pay Plaintiff and other non-exempt employees for mandatory work trainings in a calculated attempt to maximize its profits to the financial detriment of its employees.

**Employee Overtime**

46. In addition, Plaintiff, and other non-exempt employees, are often required to work in excess of 40 hours per week, and are paid their normal hourly wages for all hours worked, including those in excess of 40 hours.

47. In other words, Plaintiff, and other non-exempt employees are routinely deprived of overtime pay for hours worked in excess of 40 hours.

48. Plaintiff and other non-exempt employees were originally required to submit their time worked on a weekly basis, but recently, the policy has transitioned to requiring employees to report their hours worked within 24 hours of working, and if work is completed on a Saturday, those hours must be reported by midnight that same day.

49. Upon information and belief, this transition to a 24 hour reporting policy was implemented on May 16, 2021.

50. Defendant's purported reason for this transition was to increase the accuracy of billing and hours worked.

51. Plaintiff and other non-exempt employees are paid on a bi-weekly basis.

52. Defendant systemically and intentionally failed and continues to fail to pay Plaintiff and other non-exempt employees proper overtime rates in a calculated attempt to maximize its profits at the financial detriment of its employees.

**Unpaid Compensable Travel Time**

53.  Non-exempt employees, like Plaintiff and other non-exempt employees employed by Defendant, are entitled to be compensated for travel time, which does not consist of "home to work travel".

54. Plaintiff is often required to travel from different work sites throughout her work day, but does not receive compensation for that travel time.

55. This travel is travel that "is all in a day's work."

56. For example, Plaintiff may be scheduled to work at a school, and then be required to travel to a different location for a home session.

57. Defendant does not compensate her, or other non-exempt employees, for this travel time, which is compensable under the FLSA.

58. Defendant systemically and intentionally failed and continues to fail to pay Plaintiff and other non-exempt employees for compensable travel time in a calculated attempt to maximize its profits at the financial detriment of its employees.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff seeks relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all members of the FLSA Collective Action Class defined below.

60. Plaintiff and the members of the FLSA Collective Action Class are similarly situated in that: (1) they had substantially similar job requirements and pay provisions; (2) were classified by Defendant as non-exempt employees who were entitled to receive overtime pay and hourly pay for all hours worked; and (3) were subject to Defendant's common practice, policy, or plan of willfully and unlawfully refusing to

pay them at least 1.5 times their regular hourly rate for overtime, refusing to pay them for mandatory trainings, and refusing to pay them for compensable travel time in violation of the FLSA.

61. Count I through III, alleging violations of the FLSA, may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the members of the FLSA Collective Action Class. The FLSA Collective Action Class is defined as follows:

> All individuals currently or formerly employed by Defendant as non-exempt employees who have not received regular and/or overtime wages that are due and owed to them for unpaid mandatory trainings and/or overtime hours worked and/or compensable travel time, beginning three years before the date of filing of this Complaint through the date of final judgment in this case.

62. The names and addresses of the members of the FLSA Collective Action Class are available from Defendant, and notice should be provided to the members of the FLSA Collective Action Class via first class mail to the last address known to Defendant as soon as possible.

## VI.    <u>CLASS ALLEGATIONS</u>

63. Plaintiff also brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of herself and the following Class:

> All individuals currently or formerly employed by Defendant as non-exempt employees who have not received regular and/or overtime wages that are due and owed to them for unpaid mandatory trainings and/or overtime hours worked and/or compensable travel time, beginning six years before the date of filing of this Complaint through the date of final judgment in this case.

64. Plaintiff also brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of herself and the following Subclass:

> All individuals currently or formerly employed by Defendant as non-exempt employees who work or worked in the State of New Jersey and who have not received regular and/or overtime wages that are due and owed to them for unpaid mandatory trainings and/or overtime hours worked, beginning six years before the date of filing of this Complaint through the date of final judgment in this case.

65. The Class and Subclass shall be referenced respectively as the "Class" and the "New Jersey Subclass".

66. Defendant paid all of the Class members in the same manner and under the same standard employment policies, procedures and practices.

67. Defendant has been aware of the hours worked by the Class members, but has failed to pay the Class members the full amount of wages to which they are entitled for this work time.

68. Plaintiff is currently unaware of the identities of all Class members. However, upon information and belief, there are hundreds and potentially thousands of persons who have worked for Defendant across the United States and in New Jersey during the Class Period and would, therefore, be Class members. For this reason, the Class is so numerous that joinder of all Class members would be impracticable, and a class action would be the most efficient mechanism for resolution of the claims of the Class.

69. There exist numerous questions of law or fact that are common to all Class members and predominate over any questions solely affecting individual Class members. The

questions of law or fact common to Plaintiff and the Class include, but are not limited to:

    a.   whether Defendant failed to pay overtime wages due and owed to Plaintiff and Class members for all of the overtime they actually worked;

    b.   whether Plaintiff and Class members were entitled to be paid for time spent attending mandatory trainings;

    c.   whether Plaintiff and Class members were entitled to be paid for compensable travel time;

    d.   whether Defendant's conduct violated the FLSA, 29 U.S.C. § 201, *et seq.*;

    e.   whether Defendant's conduct violated the NJSWHL, N.J.S.A. § 34:11-56a, *et seq.*;

    f.   whether Defendant has been unjustly enriched; and

    g.   the nature and extent of class-wide injury and the measure of damages for the injury.

70. Plaintiff's claims are typical of the claims of the Class and Subclass, because she was deprived overtime wages for overtime hours worked, deprived of any payment at all for mandatory trainings attended, and deprived of any payment at all for compensable travel time much the same as Class and Subclass members, and was subject to and victimized by the same unlawful policies and practices of Defendant.

71. Plaintiff is represented by counsel experienced in class action litigation and in litigating claims under the FLSA and the state wage protection laws. Plaintiff will fairly and adequately protect the interests of the Class and has no conflicts with the interests of the Class.

72. The prosecution of separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant. In addition, adjudications with respect to individual members of the Class could as a practical matter be dispositive of the interests of all the other members of the Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

73. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

74. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue in the unlawful course of action described herein, which will result in further damages to Plaintiff and the Class.

75. The members of the Class are known to Defendant and are readily identifiable through Defendant's records.

VII.   **CLAIMS**

**COUNT I**

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*:**
**UNPAID OVERTIME**
**(Brought by Plaintiff on Behalf of Herself and on Behalf of the Members of the FLSA**
**Collective Action Class)**

76. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77. At all relevant times, Defendant was an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed "employee[s]," including Plaintiff and each of the members of the FLSA Collective Action Class.  At all relevant times, Defendant had gross operating revenues in excess of $500,000.

78. Attached hereto as Exhibit A is the consent to join form signed by Plaintiff in this action pursuant to §16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs with respect to this claim in the future.

79. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

80. At all relevant times, Plaintiff and the FLSA Collective Action Class were non-exempt employees.

81. At all relevant times, including for each week of Plaintiff's employment with Defendant, pursuant to uniform, systematic and non-individualized policies and practices, Defendant intentionally failed and refused to pay overtime premiums to

Plaintiff and the FLSA Collective Action Class for their hours worked in excess of forty hours per week.

82. By failing to compensate Plaintiff, and the members of the FLSA Collective Action Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

83. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

84. Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks damages in the amount of her respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

85. Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks recovery of her attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## <u>COUNT II</u>

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*:
UNPAID MANDATORY TRAININGS
(Brought by Plaintiff on Behalf of Herself and on Behalf of the Members of the FLSA
Collective Action Class)**

86. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

87. At all relevant times, Defendant was an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed "employee[s]," including Plaintiff and each of the

members of the FLSA Collective Action Class. At all relevant times, Defendant had gross operating revenues in excess of $500,000.

88. Attached hereto as Exhibit A is the consent to join form signed by Plaintiff in this action pursuant to §16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs with respect to this claim in the future.

89. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked.

90. At all relevant times, Plaintiff and the FLSA Collective Action Class were non-exempt employees.

91. At all relevant times, including for each week of Plaintiff's employment with Defendant, pursuant to uniform, systematic and non-individualized policies and practices, Defendant intentionally failed and refused to compensate Plaintiff and the FLSA Collective Action Class for their hours worked attending and participating in mandatory trainings.

92. By failing to compensate Plaintiff, and the members of the FLSA Collective Action Class, for all hours worked, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206.

93. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

94. Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks damages in the amount of her respective unpaid compensation for attending and participating in mandatory trainings, liquidated damages as provided by the FLSA, 29

U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

95. Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks recovery of her attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*:**
**UNPAID COMPENSABLE TRAVEL TIME**
**(Brought by Plaintiff on Behalf of Herself and on Behalf of the Members of the FLSA Collective Action Class)**

96. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

97. At all relevant times, Defendant was an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant employed "employee[s]," including Plaintiff and each of the members of the FLSA Collective Action Class.  At all relevant times, Defendant had gross operating revenues in excess of $500,000.

98. Attached hereto as Exhibit A is the consent to join form signed by Plaintiff in this action pursuant to §16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs with respect to this claim in the future.

99. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for compensable travel time that does not include "home to work travel".

100.    Instead, this travel is travel that "is all in day's work."

101.    At all relevant times, Plaintiff and the FLSA Collective Action Class were non-exempt employees.

102.    At all relevant times, including for each week of Plaintiff's employment with Defendant, pursuant to uniform, systematic and non-individualized policies and practices, Defendant intentionally failed and refused to pay for compensable travel time which included requiring Plaintiff to travel between different work sites throughout her work day.

103.    By failing to compensate Plaintiff, and the members of the FLSA Collective Action Class, for compensable travel time, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

104.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks damages in the amount of her respective unpaid compensable travel time, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

106.    Plaintiff, on behalf of herself and the members of the FLSA Collective Action Class, seeks recovery of her attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT IV

**Violation of The New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq.*, the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.*, and the 2019 amendments made to the statutes by the Wage Theft Act, N.J.S.A. § 2C:40A-2, *et seq.*:**
**UNPAID OVERTIME**
**(On Behalf of Plaintiff, the Class, and the New Jersey Subclass)**

107.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

108.    Defendant is an "employer" within the meaning of the NJSWHL and the NHWPL.

109.    NJSWHL, N.J.S.A. § 34:11-56a4(b)(1), provides in relevant part: "An employer shall also pay each employee not less than 1 ½ times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week…."

*110.*    By its actions alleged above, Defendant violated the provisions of NJSWHL, 34:11-56a, *et seq.*, and is subject to liability under the NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*

111.    As a result of Defendant's unlawful acts, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, and liquidated damages, together with costs and attorneys' fees pursuant to the NJSWHL, 34:11-56a, *et seq.* and the NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*

## COUNT V

**Violation of The New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq.*, the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.*, and the 2019 amendments made to the statutes by the Wage Theft Act, N.J.S.A. § 2C:40A-2, *et seq.*:**
**UNPAID MANDATORY TRAININGS**
**(On Behalf of Plaintiff, the Class, and the New Jersey Subclass)**

112.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

113.    Defendant is an "employer" within the meaning of the NJSWHL and the NHWPL.

114.    NJSWHL requires employers to pay employees for all hours worked.

115.    NJSWHL, N.J.S.A. § 34:11-56a4(a), provides in relevant part: "each employer shall pay to each of his employees wages at a rate of not less than… the minimum wage…"

*116.*   By their actions alleged above, Defendant violated the provisions of NJSWHL, 34:11-56a, *et seq.* and the NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*

117.    As a result of Defendant's unlawful acts, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, and liquidated damages, together with costs and attorneys' fees pursuant to the NJSWHL, 34:11-56a, *et seq.* and the NJWPL, N.J.S.A. § 34:11-4.1, *et seq.*

## Count VI

### Unjust Enrichment – Quasi Contract
### (On Behalf of Plaintiff, the Class, and the New Jersey Subclass)

43    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44    Defendant devised and implemented a plan to increase its profits by depriving Plaintiff and Class members of their full regular and overtime wages.

45    By securing the work and efforts of Plaintiff and Class members without compensating them at their rightful level of pay, Defendant retained monies they owed to Plaintiff and Class members and thereby enjoyed reduced over-head with respect to their operations.

46  Defendant therefore recognized additional profits, to its own benefit and to the detriment of Plaintiff and Class members.  It would be unjust to allow Defendant to retain such benefits.

47  Accordingly, Plaintiff and Class members are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## VIII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays the Court provide the following relief:

(A)    An order certifying that Counts I through III of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b),  appointing Plaintiff as Class Representative for the FLSA Collective Action Class and Plaintiff's undersigned counsel as counsel to the FLSA Collection Action Class, and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective Action Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

(B)    An order certifying the remaining counts herein as a class action, appointing Plaintiff and her undersigned counsel to represent the Class and Subclass;

(C)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey law;

(D)     Requiring Defendant to provide an accounting to Plaintiff of the amount of damages incurred by her and the Class members, and direct Defendant to provide to Plaintiff a list of all persons employed by it during the Class Period, including the last known address and telephone number of each employee, so that Plaintiff can give such Class members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(E)     Awarding Plaintiff and the FLSA Collective Action Class all unpaid overtime as calculated by the applicable provision of the FLSA at 29 U.S.C. §§ 201 *et seq.*, and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor, as well as liquidated damages to be paid by Defendant, together with such prejudgment interest as may be allowed by law;

(F)     Awarding the damages sustained by Plaintiff and the Class members as the result of Defendant's unlawful underpayment of regular and overtime wages under New Jersey law, and award those damages, plus liquidated damages, against Defendant and in favor of Plaintiff and the Class members, together with such prejudgment interest as may be allowed by law;

(G)     Awarding Plaintiff and the Class members their costs and disbursements in this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(H)    Entering a permanent injunction ordering Defendant henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(I)    Granting Plaintiff and the Class members such other and further relief as the Court may deem just and proper.

## IX.    <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**WILLIAMS CEDAR, LLC**

Dated: December 8, 2021

*/s/ David M. Cedar*
**David M. Cedar, Esq.**
*/s/ Gerald J. Williams*
**Gerald J. Williams, Esq.**
*/s/ Shauna L. Friedman*
**Shauna L. Friedman, Esq.**
8 Kings Highway West, Suite B
Haddonfield, NJ 08033
(856) 470-9777
(888) 311-4899 fax
dcedar@williamscedar.com
gwilliams@williamscedar.com
sfriedman@williamscedar.com

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

Undersigned counsel certifies that there are no other actions pending involving the same subject matter of this controversy.

Undersigned counsel further certifies that there are no known parties who should be joined to the present action at this time.

I certify the foregoing to be true and I am aware that if any of the above is willfully false, I am subject to punishment.

**WILLIAMS CEDAR, LLC**

Dated: December 8, 2021        */s/ David M. Cedar*
**David M. Cedar, Esq.**
*/s/ Gerald J. Williams*
**Gerald J. Williams, Esq.**
*/s/ Shauna L. Friedman*
**Shauna L. Friedman, Esq.**
8 Kings Highway West, Suite B
Haddonfield, NJ 08033
(856) 470-9777
(888) 311-4899 fax
dcedar@williamscedar.com
gwilliams@williamscedar.com
sfriedman@williamscedar.com