

Samuel Abloeser‡
Alan H. Sklarsky†
Of Counsel

Christine Abatemarco‡
David M. Cedar‡†*
Beth G. Cole‡
Ari Goldberger‡†
Dylan T. Hastings‡†
Kevin Haverty‡†¨ª
Christopher Markos‡†
Gerald J. Williams‡†ª

‡Member, Pennsylvania Bar
†Member, New Jersey Bar
ªMember, New York Bar

October 25, 2024

**Via ECF**
The Honorable District Judge Christine O'Hearn
United States District Court
District of New Jersey
4th & Cooper Streets
Camden, New Jersey 08101

Re: *Philbin v. Brett DiNovi & Associates, LLC* (21-cv-20402-CPO-AMD)

Dear Judge O'Hearn:

Our office represents Rachel Philbin ("Plaintiff" or "Philbin") in the above-captioned action against Brett DiNovi & Associates, LLC ("Defendant"), and we submit this unopposed letter motion to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties and dismissal of this action. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms negotiated between the parties privately.

**I.   Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $5,000.00, which figure is inclusive of costs and attorneys' fees (which are addressed below). The settlement is to be made in two payments within 30 days from receiving the Court's approval of the Settlement Agreement and dismissal of this action.

**II.   The Parties' Positions**

**a. Plaintiff's Position**

Plaintiff alleged that she was employed by Defendant as a clinical associate from December 2019 until shortly after the initiation of this litigation in December 2021, such that her employment with defendant occurred within the three-year statutory period under the Fair



*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

○ One South Broad Street, Suite 1510
  Philadelphia, PA 19107
  215.557.0099

www.williamscedar.com

○ 8 Kings Highway West, Suite B
  Haddonfield, NJ 08033
  856.470.9777



Labor Standard Act ("FLSA"). In general, Plaintiff alleged that Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40) in violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA").

Plaintiff alleged that she was regularly required to work over 40 hours per week to satisfy the conditions of her employment, which required her to maintain both in-school and in-home clients. Further, Plaintiff alleged that she was not an exempt employee under the FLSA, and as such, Defendant was required to pay Plaintiff a rate not less than time-and-a-half her regular hourly rate for her overtime hours. Plaintiff claimed that she was paid the same regular hourly rate for all hours worked, including those in excess of 40 hours per week. As such, Plaintiff alleged that she was not properly compensated for over 100 hours of overtime during the relevant statutory period and was owed compensation of not more than $1,663.88. for those overtime hours. Plaintiff further sought to recover in her lawsuit an equal amount of liquidated damages.

Although Plaintiff was confident that she could recover the full amount of alleged wages owed to her, along an equal amount of liquidated damages, Plaintiff preferred to resolve this matter with a guaranteed lump sum settlement payment in the near future rather than the uncertainty of trial at a much later date. Plaintiff also recognized the defenses raised by Defendants, set forth more fully hereinbelow, and understood that if Defendants were successful on any such defenses or if a jury resolved factual disputes in Defendants' favor, Plaintiff may have recovered less or nothing at all at a time of trial. These risks favored consenting to the privately negotiated Settlement Agreement attached hereto.

### b. Defendants' Position

Defendant contends and strongly believes that its overtime policies were in full compliance with the FLSA. To the extent that Plaintiff claims she was not properly compensated for overtime, BDA's position is that such overtime was either the result of erroneous timekeeping entries, the misuse of a pandemic-era program for employees to supplement hours regular hours lost due to COVID restrictions, the failure to account for the bonuses that she was paid for such work, and otherwise by Plaintiff's failure to comply with BDA overtime policies — including the failure to notify BDA of any overtime request.

Defendant believes that the strength of its position has been demonstrated through the briefs for its successful motion for summary judgment and opposition to Plaintiff's motion for class certification. Nonetheless, given that Plaintiff's remaining claim concerns no more than $1,663.88 of supposedly unpaid overtime, Defendant does not believe that further dismantling Plaintiff's allegations at trial would justify the associated costs, fees, and risk.

### III. The Settlement Agreement is a Fair and Reasonable Resolution of Bona Fide Factual Disputes

### a. There are bona fide disputes over legal and factual issues

As elucidated above, the parties had disputes over both the legal and factual issues concerning this matter. Defendant disputed nearly every one of Plaintiff's allegations, and successfully defeated most of the claims alleged in the complaint and her efforts to certify a class and collective. The only way to have resolved the outstanding disputes regarding Plaintiff's unpaid overtime unrelated to travel and training would have been through costly motion practice followed by extensive trial preparation and a trial potentially lasting multiple days.

The parties maintained their positions despite their disagreements on the issues raised, but sought resolution through a carefully negotiated settlement rather than continue to incur legal fees in discovery, motion practice and pre-trial preparation for the foreseeable future.

### b. The terms of the settlement are fair and reasonable

Although Plaintiff was confident that she could recover the full amount of her alleged unpaid wages and liquidated damages at the time of trial, Plaintiff recognized the risks of proceeding with litigation. Defendant vehemently disputed Plaintiff's allegations and maintained that she was properly compensated for all hours worked during his employment.

The settlement amount of $5,000.00 reflects a compromise between the parties over their disputes as to whether Plaintiff was entitled to any recovery and exactly how much she could have recovered if successful at trial, including the extent of defendant's potential liability (if trial of Plaintiff's claims were successful) for Plaintiff's attorneys' fees. The parties maintained bona fide disagreements on the key facts surrounding Plaintiff's claims and the settlement amount takes into account the aforementioned risks while falling squarely within Plaintiff's range of possible recovery.

The non-monetary terms of the Settlement Agreement are also fair and reasonable. The Settlement Agreement's provisions concerning confidentiality (p. 6) are narrow and do nothing to prevent the Plaintiff from disclosing the terms of this Settlement Agreement. (*cf.* Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *6–7 (D.N.J. Mar. 26, 2012) (finding unfairness in a confidentiality provision that prevented Plaintiff from disclosing the terms of the settlement, even to "family members and life partners," and required the settlement agreement to be filed under seal). Although the agreement contains a release of claims beyond the FLSA (pp. 4-5), that release is expressly retrospective and modeled after other releases approved by this Court. (See Morales v. Unique Beginning Caterers Ltd. Liab. Co., 2021 WL 5864061, at *3 (D.N.J. Dec. 10, 2021) (n.2). Moreover, Plaintiff has not worked for BDA in years and the Settlement Agreement only impacts her claims as an individual — thus the Settlement Agreement comports with FLSA policies by not unfairly burden the rights of employees or conferring any unfair benefit upon an employer.

### IV. Plaintiff's Recovery and Requested Attorneys' Fees

The parties agreed to settle all claims asserted in this matter for $5,000. After requested attorneys' fees and reimbursement of expenses, Plaintiff will receive $2,149.15.

Plaintiff's counsel respectfully requests an award of attorneys' fees in the amount of $1,000, which is less than one-third of the settlement fund after expenses have been deducted. Additionally, Plaintiff's counsel respectfully requests reimbursement of $1,850.85, for identifiable expenses, which include, *inter alia*, the District of New Jersey filing fee ($402.00) and discovery costs in excess of $1,400. Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $2,850.85.

The breakdown of the Settlement Amount into its component parts, would then be as follows:

Settlement Amount: $5,000.00
Minus Attorneys' Expenses: ($1,850.85)
Minus Requested Attorneys' Fees: ($1,000.00)
-----------------------------------------------------------
Total payable to Attorneys: $2,850.85
Total payable to Plaintiff: $2,149.15

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NJWHL claims are routinely approved by courts in the Third Circuit and fall within the range of reasonable allocations in the context of awards granted in other, similar cases. *See* Bredbenner v. Liberty Travel, Inc., 2011 WL 1344745, at *21 (D.N.J. Apr. 8, 2011). The attorneys' fees request of less than one-third of the settlement fund also comports with, if not more advantageous to plaintiff than, privately negotiated contingent fees negotiated on the open market. *Id.*. Here, Plaintiff's counsel is seeking attorneys' fees in an amount of less than one-third of the settlement total. Since one-third is the standard amount allowed to attorneys in FLSA and NJWHL cases, and the Plaintiff entered into a contract at a higher percentage with her counsel, this amount is fair and reasonable.

### V. Closing

In closing, the parties respectfully submit that the terms of the Settlement Agreement are fair and reasonable, including the request for Plaintiff's attorneys' fees, and therefore request that the Court approve, or so order, the Agreement and dismiss this action with prejudice. A Stipulated Order Approving Settlement and Dismissing Action with Prejudice is also enclosed for your consideration, as Exhibit 2.

Very Respectfully,                                    Joined by:

| | |
|---|---|
| **WILLIAMS CEDAR** | **WEINER LAW GROUP** |
| By: /s/ *Christopher Markos* | By: *[signature]* |
| Christopher Markos | Christopher J. Seelinger |
| 1 South Broad Street, Suite 1510 | 629 Parsippany Road |
| Philadelphia, PA 19107 | Parsippany, NJ 07054 |
| 215-557-0099 | 973-403-1100 |
| cmarkos@williamscedar.com | cseelinger@weiner.law |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |