# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RACHEL ANN PHILBIN
*ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED*

CASE NO: 1:21-cv-20402

*Plaintiffs*

vs.

**ORDER**

BRETT DINOVI & ASSOCIATES, LLC

*Defendants*

**THIS MATTER** comes before the Court upon the Joint Motion to Approve Settlement (ECF No. 66) of this matter. The Court has reviewed the submissions of the parties and for the reasons stated on the record on November 18, 2024,

**IT IS** hereby on the 18th day of November, 2024;

**ORDERED** That the Joint Motion to Approve Settlement (ECF No. 66) is **GRANTED** and settlement is **APPROVED**; and further

**ORDERED** The settlement agreement and release is approved as reformed by the Court in the form attached as Exhibit A. All portions struck are null, void and unenforceable. Counsel shall provide a copy of the reformed agreement to their clients within fourteen (14) days of the date of this Order.

*[Signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement and Release ("Agreement") is entered into by and between Rachel Philbin ("Plaintiff") and Brett DiNovi & Associates, LLC, ("Defendant"). Plaintiff and Defendant are referred to collectively in this Agreement as the "Parties."

**WHEREAS**, Plaintiff is an adult individual residing in the State of Pennsylvania;

**WHEREAS**, Brett DiNovi & Associates, LLC is a corporation organized under the laws of the State of New Jersey;

**WHEREAS**, Plaintiff filed a lawsuit on December 8, 2021, against Defendant in the United States District Court for the District of New Jersey (the "Court"), bearing the case number 1:21-cv-20402-CPO-AMD (the "Lawsuit"), in which Plaintiff asserts claims against Defendant under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* (the "NJWHL"), and the New Jersey Wage Payment Law, 34:11-4.1, *et seq.* (the "NJWPL"), alleging unpaid overtime, unpaid wages, and unjust enrichment ("Plaintiff's Claims");

**WHEREAS**, pursuant to a Dismissal Order (entered on May 13, 2022) and Summary Judgment Order (entered on December 21, 2023), the Court has dismissed all of Plaintiff's Claims, finding that — even construed in the light most favorable to Plaintiff — her claims failed as a matter of law, with the exception of a portion of Plaintiff's claim for unpaid overtime unrelated to time spent on travel or training (the "Remaining FLSA Claim");

**WHEREAS**, Plaintiff initially styled the Lawsuit both as a putative collective action under 29 U.S.C. § 216(b), and a putative class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of similarly situated employees;

1

**WHEREAS**, pursuant to an order denying her motion for class certification (entered on January 10, 2024) and an order denying her motion for an extension of time to seek class certification (entered on August 2, 2024), the Court has completely rejected Plaintiff's attempts to certify, or conditionally certify, her putative classes.

**WHEREAS**, Defendant vigorously disputes the allegations made against it in the Lawsuit, denies any liability to Plaintiff for her Remaining FLSA Claim, and continues to assert that it has strong and meritorious defenses to that claim;

**WHEREAS**, bona fide disputes exist between the Parties regarding whether and to what extent Plaintiff is entitled to relief under the FLSA and the number of hours worked by Plaintiff;

**WHEREAS,** Plaintiff voluntarily resigned from Defendant on June 17, 2022;

**WHEREAS**, the Parties have exchanged information and completed discovery regarding Plaintiff's Claims and have engaged in settlement discussions; and

**WHEREAS**, the Parties desire by this Agreement, subject to approval by the Court, to compromise, settle, and resolve Plaintiff's Remaining FLSA Claim on the terms set forth in this Agreement, which the Parties agree are fair, reasonable, and in their mutual interests;

**NOW, THEREFORE**, in consideration of the respective covenants, undertakings, mutual promises, representations, and conditions contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>Settlement Payments</u>. Within 30 days after the Court's approval of this Agreement, Defendant shall pay the total sum of Five Thousand Dollars ($5,000.00), by way of two cashier's checks: (i) one in the amount of $2,149.15 payable to Rachel Philbin and (ii) one check in the amount of $2,850.85 payable to Plaintiff's counsel, "Williams Cedar" (the "Settlement Payment").

The Settlement Payments shall be sent via overnight delivery to Williams Cedar at One South Broad Street, Suite 1510, in Philadelphia, PA 19107. Plaintiff acknowledges and agrees that the Settlement Payment is sufficient and adequate consideration in exchange for Plaintiff's promises, releases and covenants as set forth below.

2. <u>No Other Amounts Due</u>. The Settlement Payments set forth in Paragraph 1 above are intended to resolve all amounts that have been, could have been, or could be claimed by Plaintiff against Defendant or any of the other Releasees (defined below), including, but not limited to, any claims for wages, overtime compensation, bonuses, liquidated damages, punitive damages, attorneys' fees, costs, interest, back pay, front pay, disbursements, and any other amounts Plaintiff has sought or could seek to recover against Defendant under the Released Claims (as defined below). Plaintiff agrees that — other than the Settlement Payments set forth in Paragraph 1 above — neither Defendant nor any of the other Releasees owes him any additional amounts.

3. <u>Tax Indemnification</u>. Plaintiff acknowledges that she has not received any tax advice from Defendant or their counsel with respect to the Settlement Payments set forth in Paragraph 1 above, acknowledges that she shall be solely responsible for any federal, state, or local taxes payable with respect to the Settlement Payments. Plaintiff further acknowledges that Defendant is not withholding any taxes on the Settlement Payments, and hereby agrees to indemnify, defend, and hold harmless Defendant with respect to any federal, state, or local taxes that may be due in respect of the Settlement Payments and for any penalties that may be assessed against Plaintiff or Defendant as a result of Defendant not withholding taxes on the Settlement Payments or as a result of any taxing authorities characterizing the Settlement Payments in a manner differently from Plaintiff or Defendant.

3

4. ~~Comprehensive~~ Release. In consideration of the payments, benefits, agreements and other consideration to be provided by Defendant as described in the Agreement, Plaintiff, individually and on behalf of her assigns, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, HEREBY RELEASES, COVENANTS NOT TO SUE, AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendant, any insurers of Defendant, and Defendant's stockholders, subsidiaries, related entities, related companies, affiliates, divisions, successors, and assigns — as well as the respective current and former officers, owners, directors, employees, trustees, attorneys, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of such individuals, companies, and entities — from all causes of action, claims, and demands whatsoever, which were alleged in the Complaint filed in the Lawsuit or which otherwise arose from Plaintiff's employment by Defendant — including, but not limited to, ~~any agreements with Defendant, her resignation from Defendant, or her relationships with other Defendant employees~~ claims for wages of any kind that arose from her employment — <u>whether known or unknown</u>, whether assert or unasserted, whether in law or equity, whether statutory or common law, and whether federal, state, local, or otherwise (the "Released Claims"). The statutory Released Claims include, but are not limited to: claims under the FLSA (including, as amended, ~~the Family and Medical Leave Act of 1993), the Americans with Disabilities Act (42 U.S.C. § 12101), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 12101, *et seq.*), the Occupational Safety and Health Act (29 U.S.C. § 951, *et seq.*), New Jersey's Law Against Discrimination (N.J.S.A. § 10:5-1, *et seq.*), New Jersey's Family Leave Act (N.J.S.A. § 34:11B-1, *et seq.*),~~ the NJWHL, the NJWPL, Pennsylvania's Equal Pay Law (43 P.S. § 336.1, *et seq.*), ~~Pennsylvania's Human Relations Act (43 P.S. § 951, *et seq.*),~~ Pennsylvania's Minimum

4

Wage Act (43 P.S. § 333.101), and Pennsylvania's Wage Payment and Collection Law (43 P.S. §260.1, *et seq*.), and any other federal, state, or local labor law, civil rights law, wage law, overtime law, ~~fair employment practices law, human rights law, anti-discrimination law, family and medical leave law, occupational safety and health law, whistleblower protection law, and equal pay law as well as any associated regulations for the Released Claims~~ — which Plaintiff now has or has ever had. Notwithstanding any other language in this Agreement, this release does not include a release of any rights that Plaintiff has under this Agreement and does not include a release of any claims for conduct occurring after the execution of this Agreement.

5. <u>Court Approval and Dismissal of Action</u>. Within 14 days of the Parties' full execution of this Agreement, the Parties shall cooperate and use best efforts to accomplish the terms of this Agreement and seek approval of the Parties' settlement by the Court and the entry of a Stipulated Order Approving Settlement and Dismissing Action with Prejudice. In the event that the Court does not approve the Parties' settlement, the Parties shall confer within seven days to negotiate in good faith as to how to best address the issues raised by the Court; the Parties agree to amend this Agreement only as reasonably necessary to obtain the Court's approval.

6. <u>Agreement Not an Admission</u>. The Parties' settlement and this Agreement have been entered into to compromise disputed claims, without any admission or concession of liability or non-liability. Nothing in this Agreement may be deemed to constitute an admission or acknowledgment concerning Defendant's wage payment policies, procedures, or practices or the application of the FLSA, the NJWPL, or the NJWHL to such policies, procedures, or practices or serve as precedent or evidence to prove or interpret any such policies, procedures, or practices. The Parties have agreed to settle all disputes as are enumerated herein strictly as a compromise that is in their mutual interests. This Agreement is without prejudice or value as precedent and

shall not be used in any proceeding to create, prove, or interpret obligations under any laws, regulations, or contract.

7. <u>Non-Disclosure and Confidentiality.</u>  The Court's entry of a stipulated Order of Dismissal with Prejudice shall constitute the "final conclusion of this litigation," for the purposes of this Agreement and the Confidentiality Order operative in the Lawsuit.  Plaintiff and her counsel further agree not to disclose any material produced by Defendant or its counsel pursuant to discovery requests in this Lawsuit, and to destroy, within thirty days, all such material, with the exception that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes.  Plaintiff's counsel will promptly notify Defendant's counsel of any third-party request for information pertinent to the Lawsuit or this Agreement. ~~except that, with respect to this Agreement, Plaintiff need not notify her or Defendant's counsel before disclosing this Agreement and its terms to any attorney she may retain in the future or to any financial advisor or tax professional.~~

8. <u>Mutual Non-Disparagement.</u>  Plaintiff specifically agrees that she will not make derogatory statements, either oral or written, about Defendant, its owner Brett DiNovi, or any of Defendant's employees, that relate to any matter occurring prior to the date of this Agreement. Likewise, if any employer or prospective employer of Plaintiff seeks a reference or makes any other inquiry concerning her employment with Defendant, Defendant agrees not to make any derogatory statements, either oral or written, about Plaintiff.

9. <u>Entire Agreement</u>. This Agreement contains the complete and entire agreement between and among the Parties with regard to the matters set forth herein and supersedes all prior discussions, agreements, and understandings, whether oral or written, between the Parties.

10. <u>Successors in Interest</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and/or assigns of each of the Parties.

11. <u>Application of Agreement Only to Parties</u>. This Agreement is intended to confer rights and benefits only on the Parties and the Releasees. No individual or entity other than the Parties and the Releasees shall have any legally enforceable rights under this Agreement.

12. <u>Governing Law and Venue</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey and, as applicable, the federal law of the United States of America. ~~The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms~~. The Parties shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

13. <u>Amendments</u>. This Agreement may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. This Agreement may be modified or amended only pursuant to a writing executed by the Parties.

14. <u>No *Contra Proferentem*</u>. The determination of the terms of, and the drafting of this Agreement, have been by mutual agreement after negotiation, with the participation of all Parties, assisted by their respective counsel. Accordingly, this Agreement will be considered neutral and no ambiguity will be construed in favor of or against any of the Parties.

15. <u>Severability</u>. Should any provision of this Agreement, excluding the release language, be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

16. <u>Headings</u>. The headings of paragraphs are for reference purposes only and shall be disregarded when resolving any dispute concerning the meaning or interpretation of this Agreement.

17. <u>Counterparts</u>. This Agreement may be signed in two or more counterparts, which counterparts when taken together shall constitute a single integrated Agreement. Electronic signatures are authorized.

18. <u>Waiver</u>**.** The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. No rights under this Agreement may be waived except in writing and signed by the waiving party.

19. <u>Acknowledgment</u>. Each of the Parties acknowledges and agrees that she or it has consulted with counsel prior to executing this Agreement, knows and understands the provisions of this Agreement, and is entering into this Agreement knowingly, voluntarily and of his or its own free will, and intending to be legally bound.

20. <u>Notifications and Communications</u>.  Any notifications or communications in connection with this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| **WILLIAMS CEDAR LLC** | **WEINER LAW GROUP LLP** |
|---|---|
| Attn: David Cedar, Esq. | Attn: Paul S. Grossman, Esq. |
| Attn: Christopher Markos, Esq. | Attn: Chris Seelinger, Esq. |
| One South Broad Street, Suite 1510 | 629 Parsippany Road |
| Philadelphia, PA 19107 | Parsippany, New Jersey 07054 |
| dcedar@williamscedar.com | pgrossman@weiner.law |
| cmarkos@williamscedar.com | cseelinger@weiner.law |
| (215) 557-0099 | 973-602-3882 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the last date set forth below.

Rachel Philbin  *[signature: Rachel A. Philb]*

Dated: 10/29/2024

*[signature]*
Brett DiNovi, as the CEO of
Brett DiNovi and Associates, LLC

Dated: 11/05/2024

5111813.1

9